HICKERSON *v.* STATE.

Crim. 4093

Opinion delivered July 4, 1938.

*George R. Steel,* for appellant.

*Jack Holt,* Attorney General, and *John P. Streepey,* Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted by the grand jury of Howard county for the crime of false pretense for obtaining goods, wares and merchandise from A. N. Johnson Cash Store amounting to $37.81 by falsely, fraudulently and feloniously stating to A. N. Johnson that appellant was the owner of one jersey milk cow, one Poland-China gilt and one black and white gilt and by executing a chattel mortgage on said stock and thereby obtaining said amount, and that said A. N. Johnson relied upon, believed and acted upon said false and fraudulent representation and was thereby deprived of his goods, wares and merchandise.

There is a dispute in the testimony as to the amount A. N. Johnson Cash Store advanced appellant on the mortgage, but appellant paid nothing, and when A. N. Johnson attempted to collect the indebtedness appellant requested further time, but A. N. Johnson refused to give it to him and demanded the mortgaged property which appellant refused to deliver to him, stating that his wife claimed it, and that he did not own it at the time he executed the mortgage.

A. N. Johnson testified that appellant represented to him that he was the owner of the cow and hogs at the time he executed the mortgage and that he gave him $6 in cash and let him have goods, wares and merchandise for several months and that appellant owed him a balance of $37.81; that when he attempted to collect same appellant requested more time to pay the indebtedness, which he refused to grant, and that when he demanded the mortgaged property appellant told him his wife claimed it and that his wife owned it.

Ray Harper testified that he was constable of the township; that he was given the mortgage and later a writ for the possession of the property described in the mortgage; that he found the property at appellant's home, but his wife claimed to own it and refused to let him take it under the writ; that appellant told him his wife was claiming it now.

Appellant introduced Dale Floyd who testified that he was county clerk and that the records in his office disclosed that in 1936 appellant assessed two cows and one hog and that no property was assessed to appellant's wife.

Appellant testified in his own behalf as follows: "I have been married 17 years. I executed this note and mortgage for $5 which I borrowed from Mr. A. N. Johnson. I did not know that I owed him anything and did not trade more than five or six dollars more with him. I owned the cow and the hogs. I raised their mother and their grandmother and my wife had no interest in the property except she was my wife. I tried to get Mr. Johnson to give me time to work and pay this bill, but

instead he had me arrested. My wife made some claim on these hogs, just like she claims everything else in the house. I tried to avoid this prosecution for it resulted in the separation of me and my wife. I agreed to let Mr. Johnson have half of my earnings.

I executed this mortgage to secure a loan for $5. I do not know just how much I owed Mr. Johnson, but it shouldn't be nothing like $37.81. I knew my wife was high-tempered and tried to get Mr. Harper to wait until the next morning, because I knew he would cause a confusion, and it did cause a separation. I now live with my mother. I did not tell Mr. Harper that the property belonged to my wife, I just told him she claimed it.''

At the conclusion of the testimony appellant asked the court for a peremptory instruction to the jury to acquit him. This, the court refused to give and submitted the case to the jury upon the evidence and applicable declarations of law.

The jury returned a verdict of guilty and fixed his punishment at a fine of $10 and one day in jail and rendered judgment in accordance with the verdict, from which is this appeal.

The main assignment of error is that the evidence is insufficient to support the verdict and judgment.

The state relies upon the admission in the nature of a confession made by appellant to A. N. Johnson to the effect that his wife owned the property at the time he mortgaged it to the A. N. Johnson Cash Store as being sufficient to support the verdict and judgment. There is no other testimony in the case tending to show that appellant did not own the mortgaged property at the time he executed the mortgage. This admission in the nature of a confession was extra-judicial.

Section 4018 of Pope's Digest is as follows: ''A confession of a defendant, unless made in open court, will not warrant a conviction unless accompanied with other proof that such offense was committed.''

This being the only evidence in the case tending to establish the crime charged, it cannot be said that it alone sufficiently established the commission of the crime

charged, to support the judgment. In order to support the judgment the confession must have been accompanied with proof that the offense was actually committed, and there is no such evidence in the record. The court should have instructed a verdict of acquittal.

On account of the error in refusing to so instruct, judgment is reversed, and the case is dismissed.